[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14231
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00074-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ANTONIO MANZANO-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 22, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Victor Antonio Manzano-Hernandez appeals his 72-month sentence,

imposed after he pleaded guilty to illegal reentry after deportation in violation of 8

U.S.C. § 1326. On appeal, Manzano-Hernandez argues that his sentence was procedurally unreasonable because the district court did not adequately explain the sentence. He also argues that the sentence was substantively unreasonable because the court relied too heavily on his criminal history, which was already accounted for in his guideline range of 21-27 months, when it imposed an upward variance and 72-month sentence. We affirm.

Manzano-Hernandez first entered the United States illegally in 1996 and was ultimately ordered removed. He illegally reentered and was later arrested for driving under the influence in 2002. Following his removal, he again reentered and was arrested for driving under the influence in 2003 and domestic battery in 2005. He was removed in 2007. In June 2009, Manzano-Hernandez illegally reentered and was arrested the following year for driving under the influence.

Manzano-Hernandez was charged with and pleaded guilty to one count of illegal reentry after deportation. The district court calculated his sentencing guideline range as follows: Under U.S.S.G. § 2L1.2, the base offense level was eight. There was a four-level enhancement under § 2L1.2(b)(1)(D) because Manzano-Hernandez had been previously deported, and a two-level reduction for acceptance of responsibility. Based on his prior reentries and driving-under-the-influence offenses, Manzano-Hernandez had a lengthy criminal history, which

2

placed him in category V. He also had numerous other convictions which were not counted in his criminal history calculations. The resulting guideline range was 21 to 27 months. The government requested an upward variance; Manzano-Hernandez requested a sentence within the guideline range.

The district court noted that Manzano-Hernandez had been imprisoned for fifteen months, the top end of the guideline range, following his prior illegal reentry and that he had quickly returned to the United States after completion of his supervised release. After considering the guideline range, the statutory factors in 18 U.S.C. § 3553(a), and the parties' arguments, the court determined that an upward variance from the guideline range was necessary to meet the goals of sentencing. Finding that a sentence at the top end of the guideline range had been no deterrent previously, the court sentenced Manzano-Hernandez to 72 months' imprisonment. Manzano-Hernandez objected to the sentence and now appeals on the ground that his sentence is procedurally and substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*), *pet. for cert. filed* (U.S. Nov. 24, 2010) (No. 10-727). We will only vacate a sentence if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a)

factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation omitted).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the guideline range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). But it is within the district court's discretion to determine how much weight to give to each § 3553(a) factor, and where the court has explained why it "attached great weight to one factor," we have held the sentence to be reasonable. *Id.* at 1323.

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote

respect for the law, provide just punishment for the offense, adequately deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

When reviewing a sentence outside of the guideline range, we "may not apply a presumption of unreasonableness." *Gall*, 552 U.S. at 51. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *Talley*, 431 F.3d at 788.

We conclude that Manzano-Hernandez's 72-month sentence was both procedurally and substantively reasonable. The district court properly calculated the guideline range, treated that range as advisory, stated that it needed to impose a sentence that met the § 3553(a) factors, and explained which factors most

5

influenced its decision to impose an upward variance. The court explained that because of Manzano-Hernandez's criminal history and recidivism, it relied most heavily on the prior conduct, the need to protect the public from future crimes, and the need for deterrence.

We further conclude that Manzano-Hernandez's sentence was substantively reasonable. Manzano-Hernandez had been convicted for driving under the influence four times, he had been deported from the United States twice, and was before the court on his second conviction for illegal reentry. Furthermore, his last sentence for illegal reentry was at the high-end of the guideline range, and yet he committed this illegal reentry less than a year after his supervised release in that case ended. The upward variance was thus justified by his criminal history and the lack of deterrence from the previous sentence. We cannot say that the court abused its discretion in this case.

**AFFIRMED.**